J-A10005-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH HENDERSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JULIA KARDOSH | : | |
| | : | |
| Appellant | : | No. 2013 EDA 2025 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARY ELLEN KARDOSH AND WILLIAM | : | |
| KARDOSH | : | |

Appeal from the Order Entered July 3, 2025
In the Court of Common Pleas of Chester County
Civil Division at No: 2020-05201-CU

BEFORE:  STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED AUGUST 10, 2026**

Appellant, Julia Kardosh ("Mother"), appeals from the final custody order entered on July 3, 2025, by the Court of Common Pleas of Chester County.[1] She challenges the August 8, 2024, order overruling her preliminary objections to Maternal Grandparents' standing.  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] This appeal is one of four appeals from the July 3, 2025, final custody order. **See** 1874 EDA 2024 (Father's appeal), 2012 EDA 2024 (Mother's second appeal), and 2065 EDA 2025 (Maternal Grandparents' appeal).

This case has a very long and tortious history that has resulted in several custody orders over the years.[2]   Relevant to this appeal, Mother filed preliminary objections to Maternal Grandparents' petition to modify on May 9, 2024, challenging their standing; amended preliminary objections on July 16, 2024; and second amended preliminary objections on July 19, 2024.  The trial court dismissed the May 9 and July 16 preliminary objections as moot because of the filing of amended preliminary objections on July 19, 2024.  The trial court overruled the July 19 preliminary objections as untimely and already litigated:

> The issue of [Maternal Grandparents'] standing in this custody matter has been litigated at length as reflected in the numerous Orders addressing standing that have been entered by this court. Nonetheless, on July 19, 2024, [Mother] again filed Amended Preliminary Objections raising the issue of standing.  This filing was made nearly four years after the [Maternal Grandparents] filed their Petition to Intervene, over three years after an agreed upon custody order was entered, and almost a year after [Maternal Grandparents] filed their Petition to Modify Custody for which a hearing is set for November 2024.  The Amended Preliminary Objections are untimely and therefore overruled.

Order, 8/8/24.

---

[2] **See** 2065 EDA 2025 for a comprehensive timeline of the procedural history in this case.

Mother appeals the August 8, 2024, order denying her preliminary objections to Maternal Grandparents' standing.[3] **See** Mother's Reply Brief, at 2-3. She raises the following issues for our consideration:

1. Whether the trial court erred in denying Mother's preliminary objections without a hearing, despite the objections raising a threshold jurisdictional challenge under Pa.R.C[iv].P. 1028(a)(1) to the standing of [Maternal Grandparents.]

2. Whether the county court violated Mother's due process rights by holding her timely-filed preliminary objections in chambers for over six weeks without docketing, pursuant to a Chester County policy requiring pre-approval of family court petitions before being docketed[.]

3. Whether the trial court erred in concluding that [Maternal] Grandparents obtained standing under 23 Pa.C.S. § 5325, where their petition was filed prematurely, and [Mother's] purported consent was the result of misrepresentation by counsel who was secretly working on behalf of the [Maternal] Grandparents and failed to advise [Mother] of the legal consequences[.]

4. Whether the trial court violated [Mother's] procedural due process rights by refusing to address credible allegations of perjury, attorney collusion, and unauthorized intervention that tainted the initial standing determination and all subsequent custody orders[.]

5. Whether the trial court misrepresented the history of custody in the record, where the incorrect facts relayed to the Superior Court were adopted and were then used as the basis for denying appeal a year prior[.]

_____

[3] The August 8, 2024, order was interlocutory until the final custody order was entered on July 3, 2025. **See J.C.D. v. A.L.R.**, 303 A.3d 425, 432 (Pa. 2023) ("Parents may appeal the trial court's Standing Order once a final custody order has been entered."); **Beltran v. Piersody**, 748 A.2d 715 (Pa. Super. 2000) (quashing appeal from order granting intervenor status as interlocutory).

- 3 -

6. Whether the trial court abused discretion or erred in finding [Maternal] Grandparents had standing under 23 Pa.C.S. § 5324, where the only basis granted at intervention was § 5325(2), which does not authorize legal or primary custody[.]

7. Whether the court err[ed] by allowing [Maternal] Grandparents to retain legal custody without hearing, evidence, or judicial ruling under § 5324, and where the January 2021 order was entered by a conciliator rather than a judge and then prevent parents from appealing this order by claiming they had to appeal an interlocutory order.

8. Whether the trial court's concealment of attorney fraud, conflict of interest, and the true basis of standing constitute fraud upon the court, sufficient to invalidate the [Maternal G]randparents' standing in entirety based on the reliance on those facts[.]

9. Whether the cumulative effects of the court's actions – including refusal to docket or hear jurisdictional objections, misrepresentations to Superior Court, denial of appellate review, and repeated factual misstatements – constitute structural bias and a due process violation under the Fourteenth Amendment[.]

Mother's Brief, at 5-7.

In Mother's first issue, she claims that the trial court erred in overruling her preliminary objections without a hearing. *See* Mother's Brief, at 23-28.

"Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law." *R.M. v. J.S.*, 20 A.3d 496, 500 (Pa. Super. 2011). The trial court is not required to hold a hearing unless there is a factual issue. *Hunt v. Vardaro*, 317 A.3d 1046, 1049 (Pa. Super. 2024).

It is worth noting that Mother's "preliminary objections" spanned 366 pages and did not conform to our rules. Preliminary objections are limited to the following grounds:

(1) lack of jurisdiction over the subject matter of the action or the person or the defendant, improper venue form or service of a writ of summons or a complaint;

(2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

(3) insufficient specificity in a pleading;

(4) legal insufficiency of a pleading (demurrer);

(5) lack of capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action;

(6) pendency of a prior action or agreement for alternative dispute resolution;

(7) failure to exercise or exhaust a statutory remedy; and

(8) full, complete and adequate non-statutory remedy at law.

Pa.R.Civ.P. 1028(a). In a custody action, the issue of standing may be raised by preliminary objection. Pa.R.Civ.P. 1915.5(a)(2).

Except for the issue of standing, Mother's "preliminary objections" are not the proper subject for preliminary objections. Instead, Mother's pleading was merely a recitation of the case from her perspective, beginning when the children were born. Mother did not raise a new factual issue relative to standing in her pleading. As such, the trial court properly concluded that an evidentiary hearing was not warranted and summarily overruled Mother's preliminary objections.

On appeal, Mother does not explain what issue or issues were properly raised in her preliminary objections, and why a hearing was required on any of those issues. Our review is further hampered because Mother's "preliminary objections" are incomprehensible and rambling.[4] Accordingly, we conclude the trial court did not err when it overruled Mother's preliminary objections without a hearing.

Mother's second issue – that the trial court violated her due process rights by holding her preliminary objections in chambers for six weeks before filing – is waived because it was not included in the argument section of her appellate brief. *See* Pa.R.Civ.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]"); *Lackner v. Glosser*, 892 A.2d 21, 29 (Pa. Super. 2006) ("Appellate arguments which fail to adhere to [the Rules of Civil Procedure] may be considered waived.").

Mother's third issue – that the trial court erred in finding Maternal Grandparents had standing pursuant to 23 Pa.C.S.A. § 5325 – is waived because she failed to include it in her Pa.R.A.P. 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); *M.G. v. L.D.*, 155 A.3d 1083, 1092 (Pa. Super. 2017).

_____

[4] Moreover, at the time Mother filed her amendment preliminary objections on July 19, 2024, Maternal Grandparents standing was established in 2020 and they had sole legal and primary physical custody of the children for approximately nine months.

In issues four, five, six, and eight, Mother really is challenging the December 2020 order granting Maternal Grandparents' standing in this custody action. As such, those issues are untimely. That order was considered an interlocutory order until the entry of a final custody order. Upon entry of the final custody order on June 28, 2021, the December 12, 2020, order became final and appealable. *See J.C.D. v. A.L.R.*, 303 A.3d 425, 432 (Pa. 2023) ("Parents may appeal the trial court's Standing Order once a final custody order has been entered."); *Beltran v. Piersody*, 748 A.2d 715 (Pa. Super. 2000) (quashing appeal from order granting intervenor status as interlocutory). Thus, to challenge Maternal Grandparents' standing under the December 12, 2020 order, Mother was required to file an appeal from the June 28, 2021, final custody order. Mother did not file an appeal at that time. Therefore, any challenge to the December 12, 2020, order is untimely.

Similarly, Mother's seventh issue is untimely. She challenges the June 28, 2021, custody order. Despite Mother's contentions to the contrary, this order was entered by a judge and was immediately appealable as a final order. Mother did not appeal; therefore, any challenge to the June 28, 2021, order is untimely.

Mother's ninth issue – that the cumulative effects of the trial court's action constitute a structural bias and a due process violation – is waived because she failed to brief the issue. *See* Pa.R.Civ.P. 2119(a); *Lackner v. Glosser*, *supra*.

Accordingly, we conclude that the trial court did not err when it overruled Mother's preliminary objections.

Order overruling preliminary objections affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/10/2026